**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Quincey Rogers, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Greenville County Detention Center, ) <br> Mr. Vandermoss; and Mr. Hollister, ) <br> ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 2:22-cv-0078 <br><br><br> **ORDER AND OPINION** |

 This is an action filed by Quincey Rogers, a state detainee proceeding pro se and in forma pauperis bringing claims against the Greenville County Detention Center and jail administrators Vandermoss and Hollister pursuant to 42 U.S.C. § 1983. The Magistrate Judge issued a Report and Recommendation ("R & R") recommending the Court summarily dismiss this action without issuance and service of process. (Dkt. No. 9). For the reasons stated below, the Court adopts the R & R as the Order of the Court.

 The Magistrate Judge previously issued an Order that gave Plaintiff an opportunity to cure deficiencies with the complaint and directed Plaintiff to file an amended complaint within twenty-one days. (Dkt. No. 5). The order warned Plaintiff that failure to file an amended complaint or cure the pleading deficiencies within the time prescribed by the order would result in summary dismissal. (Dkt. No. 5 at 7). To date, Plaintiff has not filed an amended pleading and the time frame to comply with the Magistrate Judge's Order lapsed. On February 18, 2022, the Magistrate Judge issued a Report and Recommendation ("R & R") recommending the Court summarily dismiss this action without prejudice and without further leave to amend. Plaintiff has not filed objections.

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff filed objections in this case, and the R & R is reviewed for clear error.

Upon a review of the Magistrate Judge's recommendations, the Court finds the Magistrate Judge comprehensively analyzed Plaintiff's claims to correctly determine dismissal is warranted because Plaintiffs' complaint fails to state a claim under § 1983.

To state a claim for relief pursuant to 42 U.S.C. § 1983, the plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Inanimate objects are not persons for purposes of § 1983 actions and therefore, Greenville County Detention Center is not a "person" for purposes of § 1983. *Sumpter v. Georgetown Cty. Det. Ctr.*, No. 0:20-cv-1770-JMC-PJG, 2020 WL 3060395, at * 2 (D.S.C. June 8, 2020); *Studley*

*v. Watford*, No. 3:16-cv-439-JMC-PJG, 2016 WL 2893157, at *3 (D.S.C. Apr. 15, 2016), *adopted*, 2016 WL 2853546 (D.S.C. May 16, 2016); *see also Barnes v. Bakersville Corr. Ctr. Med. Staff*, No. 3:07-cv-195. 2008 WL 2564779 (E.D. Va. June 25, 2008) (noting that the plaintiff must name specific staff members to state a claim against a "person" as required under § 1983). Accordingly, the Magistrate Judge correctly concluded that Plaintiff's claims against Greenville County Detention Center are subject to summary dismissal.

With respect to the individual Defendants, a person acting under the color of state law can be held liable under § 1983 only if he or she was personally involved in the privation of the plaintiff's constitutional rights. *Wilcox v. Brown*, 877 F. 3d 161, 170 (4th Cir. 2017). The Magistrate Judge correctly noted that the Complaint is unclear as to Defendants Vandermoss's and Hollister's personal involvement in the purported deprivation of Plaintiff's constitutional rights. Indeed, the only specific allegation against Defendant Vandermoss is that he released Plaintiff from administrative segregation, and Defendant Hollister does not appear in the Complaint beyond the Caption. Because Plaintiff did not sufficiently allege personal involvement, the Magistrate judge correctly concluded that Plaintiff's claims against Defendants Vandermoss and Hollister are subject to summary dismissal.

Accordingly, this case is dismissed without prejudice. The Clerk of Court is instructed to close the file. **AND IT IS SO ORDERED**.

                                                      s/ Richard M. Gergel
                                                     Richard M. Gergel
                                                     United States District Judge

November 21, 2022
Charleston, South Carolina